TERRACE ELLIS, PLAINTIFF
1617 FOXWORTHY AVENUE
SAN JOSE, CA 95118
Telephone: (408) 621-6210
sunhomme@gmail.com

FILED
DEC 18 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

TERRACE ELLIS

Plaintiff,

v.

PHILLIPS AND COHEN ASSOCIATES, LTD.

Defendant.

Case No. CV 14-05539 NC

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT *47 U.S.C. § 227*, FAIR DEBT COLLECTION PRACTICES ACT *15 U.S.C §1692*, AND CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT *§1788* AND THE FAIR CREDIT REPORTING ACT *15 U.S.C. §1681*.**

**Demand Exceeds $10,000.00**

## PLAINTIFF'S COMPLAINT

Plaintiff alleges the following against Defendant Phillips and Cohen Associates, Ltd.(Phillips).

### INTRODUCTION

1. Count 1 of Plaintiff's Complaint is based on violation of *47 U.S.C. §227*, the Telephone Consumer Protection Act (TCPA).

2. Count 2 of Plaintiff's Complaint is based on violations of *15 U.S.C §1692 et seq.*, the Fair Debt Collection Practices Act. (FDCPA).

3. Count 3 of Plaintiff's Complaint is based on violations of *Ca. Civ. Code §1788 et seq.*, California's Rosenthal Fair Debt Collection Practices Act (RFDCPA).

4. Count 4 of Plaintiff's Complaint is based on violations of *15 U.S.C. §1681*, the Fair Credit Reporting Act (FCRA).

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by *12 U.S.C. §2614; 47 U.S.C. §227(b)(3), a3 and a5, 15 U.S.C. §1692k; Ca. Civ. Code 1788.30(f), U.S.C. §1681p,* and *28 U.S.C.§1331.*

6. Venue is proper in this District pursuant to *28 U.S.C. §1391b.*

7. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

9. Plaintiff is a consumer and, according to Defendant, Plaintiff allegedly owes a debt as that term is defined by FDCPA *15 U.S.C. §1692 a(5)* and *Ca. Civ. Code § 1788.2(d).*

10. Defendant is a debt collector as that term is defined by FDCPA *§1692 a(6)* and *Ca. Civ. Code §1788.2(c).*

11. Defendant is a national company conducting business in California.

## FACTUAL ALLEGATIONS

12. According to Defendant's letters to Plaintiff, on or about March 16, 2012, Defendant was purportedly "assigned" to collect an alleged debt from Plaintiff. Defendant's client was alleged to be Citibank N.A.

13. Defendant's letters to Plaintiff of August, September and October, 2013 continued to demand payment.

14. At no time did Defendant send Plaintiff a 30-day notice informing her of her rights to have the alleged debt validated.

15. In addition to its letters to Plaintiff, Defendant contacted Plaintiff's cell phone repeatedly in an attempt to collect the alleged debt.

16. Defendant's voicemail messages to Plaintiff (detailed below) failed to include the "mini Miranda" language notifying Plaintiff that the call was an attempt to collect a debt. Defendant's call on December 18, 2013 did not identify the name of the caller.

17. None of Defendant's recorded calls identified the name of the company the caller represented.

| | |
|---|---|
| June 27, 2012 - recorded voicemail – no mini-Miranda. Caller: Ms. Curry at 866-321-2195 x 1191. Caller ID # - 866-504-4842. No company name provided | December 13, 2013 – recorded voicemail. Caller: Joe Ponzo at 866-504-9784 x1119. No mini-Miranda. No company name provided. Caller ID # - 866-504-4842 |
| November 26, 2013 – recorded voicemail. No mini-Miranda. Caller: Joe Ponzo at 866-504-9784 x1119.. No mini Miranda. Caller ID# - 866-504-4842. Provided no company name | December 18, 2013 – recorded voicemail – Left # to call back - 866-504-9784 x1166. No mini-Miranda. Caller did not provide their name or the name of their company. Caller ID# - 866-504-4842 |
| December 2, 2013 – recorded voicemail. Caller: Joe Ponzo at 866-504-9784 x1119. No mini-Miranda. # on caller ID - 866-504-4842. No company name provided | December 19, 2013 – recorded voicemail. Caller: Tim Williams at 866-504-9784, ext. 1125. No mini Miranda. No company name provided. Caller ID # - 866-504-4842 |
| December 9, 2013 – recorded voicemail. Brenda Hodell at 866-504-9784 x1145. No mini-Miranda. No company name provided. Caller ID# - 866-504-4842 | December 27, 2013 (phone bill) |

18. Defendant's recorded voicemail messages were made to Plaintiff's cell phone number: 408-621-6210.

19. Defendant used an automatic telephone dialing system (ATDS) to place the calls. Defendant's ATDS was registered with the Texas Public Utility Commission on February 5, 2007 and renewed thru February 5, 2015. The Permit # is 070108.

20. Defendant placed the call from phone number: #866-504-4842.

21. Plaintiff did not provide her cell phone number to either Citibank or to Defendant.

22. Defendant was not given "prior express consent" to contact Plaintiff's cell phone.

23. According to Citibank, whom Plaintiff contacted on February 5 2014, Plaintiff has no account with Citibank that was either sold or transferred to Defendant or any other debt collector.

-3-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

24. The amounts Defendant alleges Plaintiff owes varied with each letter it sent her.

- Letter dated March 16, 2012, account # ending in 6077, reference #: 18404954, demanded $2819.94;
- Letter dated August 5, 2013, account # ending in 6077, reference #: 19424968, demanded $4199.77;
- Letter dated September 16, 2013, account # ending in 6077, reference # 19424968, and demanded $4422.79;
- Two letters dated October 21, 2013 account # ending in 6077, reference #19424968, demanded $4536.84.

25. In addition to the phone calls and letters demanding payment, Defendant pulled Plaintiff's credit report on three (3) separate occasions: Experian credit pull on January 5, 2012 and February 14, 2012, and an Equifax credit pull on July 30, 2013.

## COUNT 1

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff re-alleges paragraphs 1-25 as though fully set forth herein.

27. Defendant demonstrated willful or knowing non-compliance with *47 U.S.C. §227(b)(1)(A)* by using an automatic telephone dialing system to call Plaintiff's number, which is assigned to a cellular telephone service.

28. Defendant did not have prior express consent when using an automatic telephone dialing system to place each of the following calls to Plaintiff's cell phone #408-621-6210:

| | |
|---|---|
| June 27, 2012 | December 13, 2013 |
| November 26, 2013 | December 18, 2013 |
| December 2, 2013 | December 19, 2013 |
| December 9, 2013 | December 27, 2013 |

-4-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

29. Defendant's calls to Plaintiff's cell phone without her prior express consent were in violation of *47 U.S.C. §227(b)(1)(A)(iii)*.

30. Plaintiff is entitled to damages of $1500 per violation pursuant to *47 U.S.C. §227(b)(3)(B)*.

31. Defendant demonstrated willful or knowing non-compliance with *47 U.S.C. §227(b)(1)(A)* by using an automatic telephone dialing system to call Plaintiff's number, which is assigned to a cellular telephone service.

## COUNT II

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff realleges paragraphs 1-31 as though fully set forth herein.

33. Plaintiff is a consumer within the meaning of the *FDCPA, 15 U.S.C. §1692a(3)*.

34. Defendant is a debt collector within the meaning of the *FDCPA, 15 U.S.C. §1692a(6)*.

35. Defendant sent Plaintiff the following letters demanding payment of an alleged debt.

36. None of Defendant's letters included the notification required by 15 U.S.C. *§1692g*

- Letter dated March 16, 2012, account # ending in 6077, reference #: 18404954, demanding $2819.94
- Letter dated August 5, 2013, account # ending in 6077, reference #: 19424968, demanding $4199.77
- Letter dated September 16, 2013, account # ending in 6077, reference # 19424968, and demanding $4422.79
- Two letters dated October 21, 2013 account # ending in 6077, reference #19424968, demanding $4536.84.

37. On June 7, 2012, November 26, 2013, December 2, 2013, December 9, 2013,

COMPLAINT AND DEMAND FOR TRIAL BY JURY

December 13, 2013, December 18, 2013, December 19, 2013, and December 27, 2013 Defendant violated *15 U.S.C. §1692d(5)* by causing the phone to ring repeatedly.

38. Defendant violated *15 U.S.C. §1692e(11)* by failing to provide required disclosure (mini Miranda warning) on any of the above mentioned calls.

39. Defendant violated *15 U.S.C. §1692f* by using unfair and unconscionable means to collect or attempt to collect the alleged debt in pulling Plaintiff's credit report.

40. Defendant violated *15 U.S.C. §1692f(1)* in its attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

41. Defendant violated *15 U.S.C. §1692 e(2)* in its misrepresentation of the character, amount or legal status of the alleged debt.

42. At no time did Defendant provide Plaintiff required notice informing her that she had a right to dispute the debt, pursuant to *1692g*.

43. Defendant engaged in false representation and used deceptive means to collect a debt or to obtain information about a consumer in violation of *15 U.S.C. §1692e(10)*

## COUNT III

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff realleges paragraphs 1-43 as though fully set forth herein.

45. Plaintiff is a natural person as that term is defined by *Ca. Civ. Code §1788.2(g)*.

46. Defendant is a debt collector as that term is defined by *Ca. Civ. Code §1788.2(c)*.

47. Plaintiff allegedly owes a consumer debt as that term is defined by *Ca. Civ. Code §1788.2 (f)*.

48. Defendant violated *Ca. Civ. Code §1788.11 (b)* by "placing telephone calls without disclosure of the caller's identity…".

49. Defendant violated *Ca. Civ. Code §1788.11 (d)* by "causing a telephone to ring repeatedly or continuously to annoy the person called".

50. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. Defendant violated *Ca. Civ. Code 1788.11 (e)* communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

52. Defendant violated *Ca. Civ. Code 1788.14 (b)* collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law."

53. As a proximate result of Defendant's violations enumerated above, Plaintiff has been damaged in amounts, which are subject to proof.

54. Defendant's violations of the Rosenthal Act were willful and knowing. Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to *Ca. Civil Code §1788.30*.

**COUNT 4**
**DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT**

55. Plaintiff realleges paragraphs 1-54 as though fully set forth herein.

56. Plaintiff is a consumer within the meaning of the FCRA, *15 U.S.C. §1681a(c)*.

57. Defendant Phillips is a furnisher of information with the meaning of the FCRA, *15 U.S.C.1681s-2*.

COMPLAINT AND DEMAND FOR TRIAL BY JURY

58. Defendant willfully violated the FCRA. Defendant's violations include but are not limited to the following:

- Defendant willfully violated *15 U.S.C. §1681b(f)* by obtaining Plaintiff's consumer report on three (3) separate occasions without a permissible purpose as defined by *15 U.S.C. §1681b*. An Experian credit pull on January 5, 2012 and February 14, 2012, and an Equifax credit pull on July 30 2013.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for the following:

45. Actual damages pursuant to *47 U.S.C. §227(b)(3)(B)*. Statutory damages pursuant to *47 U.S.C. §227(b)(3)(c)*;

46. Actual damages pursuant to *15 U.S.C. §1692k (a)(1), and Ca. Civil Code §1788.30(a)*;

47. Statutory damages pursuant to *15 U.S.C. § 1692k (a)(2)(A) and Ca. Civil Code §1788.30(b)*;

48. Costs and reasonable attorney's fees pursuant to *15 U.S.C. §1692k (a)(3) and Ca. Civil code §1788.30(c)*;

49. Damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to *15 U.S.C. §1681n*.

50. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: December 17, 2014

By: _____ Terrace Ellis