1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    TERRACE ELLIS,                          Case No.  5:14-cv-05539-EJD

                 Plaintiff,
9                                            ORDER GRANTING IN PART AND
        v.                                   DENYING IN PART DEFENDANT'S
10                                           MOTION TO DISMISS

11   PHILLIPS AND COHEN ASSOCIATES,          Re: Dkt. No. 18
     LTD.,
12               Defendant.

13          In this action under federal and state laws regulating debt collection practices, Plaintiff

14   Terrace Ellis ("Plaintiff") alleges that Defendant Phillips and Cohen Associates, LTD.

15   ("Defendant") improperly attempted to collect on a delinquent account that may or may not have

16   belonged to her.  Presently before the court is Defendant's Motion to Dismiss the First Amended

17   Complaint ("FAC").  See Docket Item No. 18.  Plaintiff opposes the motion.  See Docket Item

18   Nos. 24, 25.

19          Federal jurisdiction arises under 28 U.S.C. § 1331.  Having carefully reviewed the

20   pleadings, the court finds that some but not all of Defendant's arguments are meritorious.

21   Accordingly, the Motion to Dismiss will be granted in part and denied in part for the reasons

22   explained below.

23   I.     BACKGROUND

24          Plaintiff alleges that on or about March 16, 2012, Citibank N.A. ("CitiBank") "assigned"

25   Defendant to collect an "alleged debt" owed by Plaintiff.  See First Am. Compl. ("FAC"), Docket

26   Item No. 7, at ¶ 12.  Defendant sent letters to Plaintiff demanding payment in March, 2012, and in

27   August, September, and October, 2013, but did not send to Plaintiff "a 30-day notice informing

28
                                                  1
     Case No.: 5:14-cv-05539-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

her of her rights to have the alleged debt validated." Id. at ¶¶ 13, 14, 25.  Defendant also requested copies of Plaintiff's credit report three times in 2012 and 2013.  Id. at ¶ 26.

Defendant contacted Plaintiff's cell phone repeatedly in an attempt to collect the "alleged debt" even though she never provided her cell phone number to Defendant or Citibank and did not give "prior express consent" to contact her on that number.  Id. at ¶¶ 15, 21, 22.  Plaintiff alleges that voicemails left by Defendant did not include language notifying her that the call was an attempt to collect a debt.  Id. at ¶ 16.  Plaintiff further alleges that Defendant failed to identify itself during several calls.  Id. at ¶ 17.  On December 6, 2013, Plaintiff called Joe Ponzo, Defendant's employee, and requested in a voicemail that he stop calling her cell phone.  Id. at ¶ 23.

Plaintiff contacted Citibank on February 5, 2014, and was informed she "has no account with Citibank that was either sold or transferred to Defendant or any other debt collector."  Id. at ¶ 24.  She initiated this action on December 18, 2014, and filed the FAC on February 1, 2015.  She asserts claims against Defendant for (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A); (2) violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.; (3) violation of the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), California Civil Code § 1788 et. seq., and (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57.  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v.

United States District Court
Northern District of California

1    Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

2        When deciding whether to grant a motion to dismiss, the court generally "may not consider

3    any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

4    1542, 1555 n. 19 (9th Cir. 1990).  However, the court may consider material submitted as part of

5    the complaint or relied upon in the complaint, and may also consider material subject to judicial

6    notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

7        In addition, the court must generally accept as true all "well-pleaded factual allegations."

8    Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the

9    light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

10   However, "courts are not bound to accept as true a legal conclusion couched as a factual

11   allegation." Id.  Nor must the court credit allegations contradicted by "matters properly subject to

12   judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.

13   2001).

14   **III.    DISCUSSION**

15       **A.    Plaintiff's Claims are not Barred by Judicial Estoppel**

16       Defendant contends that Plaintiff must be estopped from asserting the instant claims

17   because she failed to disclose them in two personal bankruptcy petitions she filed in 2014.  The

18   court disagrees.

19       "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage

20   by asserting one position, and then later seeking an advantage by taking a clearly inconsistent

21   position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).  Aside

22   from preventing inconsistency, the Ninth Circuit applies this discretionary equitable doctrine out

23   of "'general considerations of the orderly administration of justice and regard for the dignity of

24   judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Id.

25   (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

26       While "[c]ourts have observed that 'the circumstances under which judicial estoppel may

27   appropriately be invoked are probably not reducible to any general formulation of principle,'"

3

28   Case No.: 5:14-cv-05539-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

1    (New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Allen v. Zurich Ins. Co., 667 F.2d

2    1162, 1166 (4th Cir. 1982)), three non-exhaustive factors are routinely considered: (1) whether the

3    party's later position is "clearly inconsistent with its earlier position;" (2) "whether the party has

4    succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance

5    of an inconsistent position in a later proceeding would create the perception that either the first or

6    the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position

7    would derive an unfair advantage or impose an unfair detriment on the opposing party if not

8    estopped." Id. at 782-83 (citing New Hampshire, 532 U.S. at 750-51).

9        The Ninth Circuit generally limits judicial estoppel to situations "where the court relied on,

10   or 'accepted,' the party's previous inconsistent position." Id. at 783.  Thus, when a defendant

11   seeks to estop a plaintiff from asserting claims omitted from a bankruptcy petition, the defendant

12   must point to more than just the omission itself; instead, there has to be evidence, circumstantial or

13   otherwise, showing that the plaintiff's non-disclosure was relied upon in some way during the

14   process, either by creditors or by the bankruptcy court adjudicating the estate.  See id. at 784; see

15   also New Hampshire, 532 U.S. at 750-51 ("Absent success in a prior proceeding, a party's later

16   inconsistent position introduces no 'risk of inconsistent court determinations,' and thus poses little

17   threat to judicial integrity."); see also Ah Quin v. Cnty. of Kauai Dep't of Transp., 733 F.3d 267,

18   271 (9th Cir. 2013) ("In the bankruptcy context, the federal courts have developed a basic default

19   rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy

20   schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action.").

21   Without proof of such reliance, it cannot be said that the plaintiff obtained an advantage from

22   inconsistent positions.

23       Here, documents subject to judicial notice show that Plaintiff filed two Chapter 7

24   bankruptcy petitions, one on April 7, 2014, and one on June 6, 2014.  See Def.'s Req. for Judicial

25   Notice ("RJN"), Docket Item No. 19, at Exs. A, B. [1]  They also reveal a fact upon which the

26   _____

27   [1] The RJN is GRANTED IN PART and DENIED IN PART.  It is granted as to Exhibits A through
     D.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The

28   Case No.: 5:14-cv-05539-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1 │ parties seem to agree: that Plaintiff did not disclose any claims against Defendant on either

2 │ petition.  However, the parties are also in accord on another relevant fact, which ultimately renders

3 │ inappropriate the application of judicial estoppel to Plaintiff's claims.  Plaintiff and Defendant

4 │ confirm that both bankruptcy petitions were dismissed before anything of note happened in those

5 │ actions, such as the discharge of debts.  Thus, regardless of what unstated purpose Plaintiff was

6 │ trying to fulfill by filing and then dismissing the petitions *ad seriatim*, Defendant has not shown

7 │ under these circumstances that either the bankruptcy court or Plaintiff's creditors relied on her

8 │ omission "to determine what action, if any, they would take in the matter."  Hamilton, 230 F.3d at

9 │ 785.  The case relied upon by Defendant to escape this conclusion, Allers-Petrus v. Columbia

10 │ Recovery Group, LLC, No. C08-5533 FDB, 2009 U.S. Dist. LEXIS 24265, 2009 WL 799676

11 │ (W.D. Wash. Mar. 24, 2009), is factually distinguishable.[2]

12 │ 　　　　On this showing, the equitable doctrine of judicial estoppel does not preclude Plaintiff's

13 │ claims.

14 │ 　　　　**B.    Defendant has not Proven the Debt was Commercial**

15 │ 　　　　Defendant argues that Plaintiff cannot plead FDCPA or RFDCPA claims as a matter of law

16 │ because the debt underlying them was commercial rather than personal.  This argument fails, at

17 │ least for the purposes of this motion.

18 │ 　　　　"In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the

19 │ following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2)

20 │

─────────────────────────────────────────

21 │ court "may take judicial notice of court filings and other matters of public record.").  It is denied
   │ as to the remaining exhibits, which the court finds irrelevant to the issues raised in this motion.
22 │ See Wham-O, Inc. v. Manley Toys, Ltd., No. CV 08-07830 CBM SSX, 2009 U.S. Dist. LEXIS
   │ 127032, at *13, 2009 WL 6361387 (C.D. Cal. Aug. 13, 2009) ("[A]s with evidence generally, the
23 │ document to be judicially noticed must be relevant to the issues in the case.").

24 │ [2] Unlike this case, the plaintiff in Allers-Petrus had a plan confirmed by the bankruptcy court
   │ before she asserted omitted claims in district court.  Allers-Petrus, 2009 U.S. Dist. LEXIS 24265,
25 │ at *2.  Although the court found that the plaintiff's failure to disclose was the "most compelling
   │ reason to bar the prosecution of her claims" based on judicial estoppel, it is nonetheless undeniable
26 │ that the doctrine was better suited to those facts given the bankruptcy court's reliance on the
   │ plaintiff's representations when confirming the plan.  Id. at *8-9.  Nothing similar is shown to
27 │ have occurred here.

　　　　　　　　　　　　　　　　　　　　　5

the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Dang v. CitiMortgage, Inc., No. 5:11-cv-05036 EJD, 2012 U.S. Dist. LEXIS 30296, at *10, 2012 WL 762329 (N.D. Cal. Mar. 7, 2012).  A claim under the RFDCPA, which mimics the requirements of the FDCPA, has similar elements.  See Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations."); see also Long v. Nationwide Legal File & Serve, Inc., No. 12-CV-03578-LHK, 2013 U.S. Dist. LEXIS 132971, at *56-57, 2013 WL 5219053 (N.D. Cal. Sept. 17, 2013) ("Like the FDCPA, the RFDCPA requires the Plaintiff to prove four elements: (1) the plaintiff is a "debtor," (2) the debt at issue is a "consumer debt," (3) the defendant is a "debt collector," and (4) that the defendant violated one of the liability provisions of the RFDCPA.").

A "consumer debt" qualifying for coverage under the FDCPA and the RFDCPA is one incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); Cal. Civ. Code § 1788.2(e).  To determine whether a debt falls under this definition, "courts may look to the ostensible purpose for which the obligation was entered into, but it is the funds' actual use that is paramount." Davis v. Hollins Law, 968 F. Supp. 2d 1072, 1077 (E.D. Cal. 2013).

Defendant has failed to prove - at least at this stage - that the subject of this lawsuit is a commercial debt rather than one for personal, family, or household purposes.  Defendant first argues that "the calls at issue were made to, and received by, Lifeblossoms, Inc., a California corporation, and each call related to a commercial - business to business - account," and cites to an account record from CitiBank and to voicemail transcripts.  These documents are not properly considered in the manner presented, however.  Despite Defendant's representation to the contrary, it is not clear that the allegations in the FAC are based on the same account referenced in the Citibank record.  The identity of the subject account is apparently in dispute and will require further factual development before the issue can be finally decided.  It is therefore inappropriate to consider the record as an incorporated supplement to the FAC.  See United States ex rel. Lee v.

6

United States District Court
Northern District of California

1   Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) ("[W]e may also consider unattached

2   evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document;

3   (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of

4   the document.").  And, in any event, the record reveals nothing about how any funds were used for

5   the purposes of debt classification.  Davis, 968 F. Supp. 2d at 1077.

6          The voicemail transcripts are similarly insufficient.  While the calls that resulted in these

7   records are referenced in the FAC, their content does not prove the alleged collection activity was

8   related to a commercial debt.  If anything, the transcripts show that "Lifeblossoms and Team

9   Synergy," rather than Plaintiff, were referenced in the recorded voicemail message.  They also

10  notably show that Defendant's representatives did not ask to speak with someone from

11  Lifeblossoms or mention the collection of a commercial debt; they requested that *Plaintiff* return

12  their calls.  Lifeblossoms was never mentioned in the messages left for Plaintiff.  In short, simply

13  identifying the recipient of a debt collection call does not prove anything about the nature of the

14  debt at issue.

15         As a secondary argument, Defendant contends that Plaintiff's failure to disclose the instant

16  claims in her bankruptcy petitions constitutes a judicial admission that the debt is commercial and

17  not personal.  See In re Rolland, 317 B.R. 402, 421 (Bankr. C.D. Cal. 2004) ("Statements in

18  bankruptcy schedules are executed under penalty of perjury and, when offered against a debtor,

19  are eligible for treatment as judicial admissions.").  But in light of the subsequent dismissal of the

20  bankruptcy proceedings, the court cannot find that the omission of the claims should constitute a

21  judicial admission of their character.  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373,

22  376 (9th Cir. 1997) ("A trial judge has discretion whether to accept a judicial admission.").

23         Because Defendant has not adequately shown that the underlying debt was incurred for

24  commercial purposes, the FDCPA and RFDCPA claims will not be dismissed on that ground.

25         **C.    The TCPA Claim is Sufficiently Pled**

26         Defendant believes the TCPA claim is insufficient and unsupportable.  It is mistaken.

27         The pertinent section of the TCPA provides:

7

United States District Court
Northern District of California

1

2

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -

3

4

5

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -
>
> . . .

6

7

8

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii).

9

10

11

The term "automatic telephone dialing system" is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

12

13

14

15

16

17

18

19

20

Plaintiff alleges in the FAC that "Defendant used an automatic telephone dialing system (ATDS) to place the calls" it made to her.  See FAC, at ¶ 19.  Defendant argues this allegation is conclusory.  However, when coupled with the next allegation - that Defendant operates an ATDS registered with the Texas Public Utility Commission under permit number 070108 - it is plausible that Defendant may have used that ATDS to place calls to Plaintiff.[3]  Whether or not an ATDS was, in fact, used to place the calls to Plaintiff, and whether or not that equipment functions like the type of equipment described in § 227(a)(1), are questions better suited to investigation through discovery and disposition on summary judgment.  Plaintiff has alleged enough to prevent a dismissal for failure to state a claim.

21

22

23

24

25

Defendant also argues, based on the CitiBank account record previously discussed, that Plaintiff provided her cell phone number and thereby consented to Defendant's calls.  See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 955 (9th Cir. 2009) (observing the TCPA's exemption for calls made with prior express consent).  But as already explained, the CitiBank

26

27

[3] Plaintiff's RJN (Docket Item Nos. 26, 28) is GRANTED as to exhibit showing Defendant's registration with the Texas Public Utility Commission but is DENIED in all other aspects.

8

28

Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1   record cannot be considered as part of the FAC.  Nor does it, on its own, prove that Plaintiff

2   voluntarily provided her cell phone number to CitiBank or consented to calls on that number.  <u>Id</u>.

3   (defining "express consent" under the TCPA as "consent that is clearly and unmistakably stated.").

4   All it shows is that the number was in CitiBank's system, but not why it was there.

5          Since Defendant's arguments are unpersuasive, the TCPA claim will not be dismissed.

6          **D.      The FCRA Claim is Implausible without Additional Facts**

7          Defendant challenges Plaintiff's FCRA claim as implausible in its current form.  On this

8   issue, the court agrees with Defendant.

9          Under the FCRA, any person who knowingly or negligently obtains a consumer's credit

10  report without a "permissible purpose" is subject to civil liability.  15 U.S.C. §§ 1681n; 1681o.

11  Conduct that constitutes a "permissible purpose" is listed in 15 U.S.C. § 1681b.  One such purpose

12  permits a debt collector to obtain a credit report if the debt collector "intends to use the

13  information in connection with . . . review or collection of an account of the consumer."  15

14  U.S.C. § 1681b(a)(3)(A).

15         Here, Plaintiff has attributed to Defendant conduct which constitutes a "permissible

16  purpose."  She defines herself as a consumer and Defendant as a debt collector.  <u>See</u> FAC, at ¶¶ 9,

17  10, 58.  She also alleges that "Plaintiff allegedly owes a debt," and that "Defendant was

18  purportedly 'assigned' to collect an alleged debt from Plaintiff."  <u>Id</u>. at ¶¶ 9, 12.  Reconciling

19  Plaintiff's unadorned FCRA allegations with these other statements from the FAC, it appears that

20  Defendant obtained Plaintiff's credit report on three occasions in 2012 and 2013 in connection

21  with its efforts to collect a debt, alleged or otherwise.  For this reason, Plaintiff's FCRA claim fails

22  as pled.  <u>See</u> <u>Makreas v. Moore Law Group, A.P.C.</u>, No. C-11-2406 MMC, 2011 U.S. Dist.

23  LEXIS 80485, at *6, 2011 WL 3047634 (N.D. Cal. July 25, 2011) ("[P]laintiff's conclusory

24  allegation that Moore lacked a 'permissible purpose' . . . is insufficient to state a claim . . .

25  particularly given plaintiff's allegation that Moore is 'engaged in the business of collecting debts

26  in this state in the ordinary course of business.").   It will be dismissed.

27

28  Case No.: 5:14-cv-05539-EJD
    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
    DISMISS

United States District Court
Northern District of California

9

United States District Court
Northern District of California

**E.      The Statute of Limitations is a Partial Bar**

Claims under the FDCPA must be brought within "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  So must claims under the RFDCPA.  See Cal. Civ. Proc. Code § 1788.30(f) ("Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within one year from the date of the occurrence of the violation.").  Claims under the FCRA must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

As to the FDCPA and RFDCPA claims, Defendant argues that any violations alleged to have occurred prior to December 18, 2013, are barred by the statute of limitations.  Plaintiff appears to concede this point in her opposition since she argues only that three of alleged collection calls occurred within the limitations period and does not address calls that occurred before that date.  That liability under the FDCPA and RFDCPA may arise from one violation is of no moment to the operation of the statute of limitations as a bar to untimely claims.   Thus, all alleged violations of the FDCPA and the RFDCPA occurring prior to December 18, 2013, will be dismissed.

As to the FCRA claim, Defendant argues the alleged "credit pulls" on January 5, 2012, and February 14, 2012, fall outside the § 1681p limitations period.  In response, Plaintiff argues she did not discover that Defendant accessed her credit report until March 14, 2014, thereby placing all of the "credit pulls" within the limitations period.  Plaintiff may be correct that pleading such an allegation would prevent a dismissal of the 2012 violations as untimely.  The problem is, however, that this allegation is nowhere in the FAC.  The 2012 violations appear time-barred as the FCRA claim is currently stated.

**F.      Conclusion and Leave to Amend**

For the reasons explained, Plaintiff's claims are not precluded by judicial estoppel.  In addition, Defendant has not proven that Plaintiff's claims are based on commercial rather than

10

Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1   personal debt, or that the TCPA claim is insufficient.

2          However, the court finds the allegations inadequate to state a claim under the FCRA. As

3   pled, the FAC describes a "permissible purpose" and does not disclose when Plaintiff discovered

4   the statutory violations.  In addition, the court finds that any violations of the FDCPA and the

5   RFDCPA alleged to have occurred prior to December 18, 2013, are barred by the statute of

6   limitations.

7          The claim under the FCRA will be dismissed with leave to amend.  See Schreiber Distrib.

8   Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) (holding that leave to amend

9   should be freely allowed "unless the court determines that the allegation of other facts consistent

10  with the challenged pleading could not possibly cure the deficiency.").  If Plaintiff chooses to

11  amend this claim, she must allege facts explaining when she discovered the "credit pulls" and why

12  Defendant was not engaged in a statutorily-prescribed "permissible purpose."  The alleged

13  FDCPA and RFDCPA violations that occurred outside the limitations period will be dismissed

14  without leave to amend, leaving at issue for these claims only conduct that occurred on or after

15  December 18, 2013.  Since Plaintiff did not oppose this motion with respect to the earlier

16  violations, the court must presume she is unable to provide additional allegations on that subject.

## IV.   ORDER

17         Based on the foregoing, Defendant's Motion to Dismiss (Docket Item No. 18) is

18  GRANTED IN PART and DENIED PART.  The motion is granted as to the FCRA claim, which

19  is DISMISSED WITH LEAVE TO AMEND.  The motion is also granted as to all violations of

20  the FDCPA and RFDCPA alleged to have occurred prior to December 18, 2013, which are

21  DISMISSED WITHOUT LEAVE TO AMEND.  The motion is denied in all other aspects.

22         If Plaintiff chooses to file an amended complaint, she must do so on or before **August 3,**

23  **2015.**  Plaintiff is advised that, although leave to amend has been permitted, she may not add new

24  claims or new parties to this action without first obtaining Defendant's consent or leave of court

25  pursuant to Federal Rule of Civil Procedure 15.

26         If Plaintiff does not file an amended complaint by August 3, 2015, the FCRA claim will be

27

28  Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

United States District Court
Northern District of California

11

1  deemed dismissed from this action and Defendant shall file an Answer to the remaining claims

2  asserted in the FAC on or before **August 17, 2015.**

3          The court reschedules the Case Management Conference for **10:00 a.m. on October 1,**

4  **2015.**  The parties shall file a Joint Case Management Conference Statement, or separate

5  statements as appropriate under Civil Local Rule 16-9, on or before **September 24, 2015.**

6

7          **IT IS SO ORDERED.**

8  Dated:  July 17, 2015

9  

10  EDWARD J. DAVILA
    United States District Judge

11

United States District Court
Northern District of California

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

28

12

Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS