UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRACE ELLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIPS AND COHEN ASSOCIATES, LTD.,<br><br>　　　　Defendant. | Case No. 5:14-cv-05539-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 55, 80 |

Plaintiff Terrace Ellis ("Plaintiff") contends in this case that Defendant Phillips and Cohen Associates, LTD. ("Defendant") violated several federal and state laws when it attempted to collect on a delinquent credit card account she maintains does not belong to her. Defendant now moves for summary judgment on all of Plaintiff's claims. Dkt. No. 55. Plaintiff opposes the motion. Dkt. Nos. 103-105.

Federal jurisdiction arises under 28 U.S.C. § 1331. Having carefully reviewed the parties' pleadings in conjunction with the record, the court has determined this motion is only partially successful. Accordingly, the motion for summary judgment will be granted in part and denied in part for the reasons explained below.

**I.    BACKGROUND**

This action arises from debt collection activity related to a CitiBusiness Platinum Select Card account issued by Citibank (the "Citi Debt"), which Plaintiff references as the "account-at-issue." Decl. of Terrace Ellis ("Ellis Decl."), Dkt. No. 103, at ¶ 3. Defendant is in the "debt

1
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

collection business." Decl. of Robert H. Obringer ("Obringer Decl."), Dkt. No. 55, at ¶ 2.[1] Citibank is a client of Defendant. Id. at ¶ 4.

Plaintiff claims she is not responsible for the Citi Debt, and states she did not voluntarily provide her cell phone number to Citibank. Ellis Decl., at ¶ 3. Defendant nevertheless called Plaintiff's cell phone eight times on June 27, 2012, November 26, 2013, December 2, 2013, December 9, 2013, December 13, 2013, December 18, 2013, December 19, 2013, and December 27, 2013. Id. at ¶ 6. Defendant did not speak with Plaintiff during any of the calls, but did leave voicemail messages on three different dates. Obringer Decl., at ¶¶ 15, 16.[2] Defendant also accessed Plaintiff's credit report. Id. at ¶ 20.

Plaintiff initiated this action against Defendant on December 18, 2014. Dkt. No. 1. She filed an amended complaint on August 3, 2015, after the court partially granted a motion to dismiss. Dkt. No. 39. She asserts four claims against Defendant: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A); (2) violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.; (3) violation of the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), California Civil Code § 1788 et. seq., and (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f).

## II.  LEGAL STANDARD

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

The moving party bears the initial burden of informing the court of the basis for the motion

---

[1] Plaintiff's objection to paragraph 2 of the Obringer Declaration is OVERRULED. Declarations submitted in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). As one of Defendant's Senior Vice Presidents, Obringer has knowledge of and is competent to testify about Defendant's records. Obringer Decl., at ¶ 1.

[2] For the same reason as her objection to paragraph 2, Plaintiff's objection to paragraph 15 of the Obringer Declaration is OVERRULED.

and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the issue is one on which the nonmoving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. Id. at 325.

If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. Id. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." Id.

### III. DISCUSSION

#### A. The FDCPA and RFDCPA Claims

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). As does the RFDCPA. Cal. Code Civ. Proc. § 1788.1 ("It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title."). "The FDCPA imposes strict liability on creditors, including liability for violations that are not knowing or intentional." McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 952 (9th Cir. 2011) (quotation omitted). The RFDCPA is similarly a strict liability statute. See Branco v. Credit Collection Servs. Inc., No. CIV. S-10-1242 FCD/EFB, 2011 U.S. Dist. LEXIS 94077, at *15, 2011 WL 3684503 (E.D. Cal. Aug. 23, 2011).

To establish a claim under the FDCPA, a plaintiff must prove the following elements: "(1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Dang v. CitiMortgage, Inc., No. 5:11-cv-05036 EJD, 2012 U.S. Dist. LEXIS 30296, at *10, 2012 WL 762329 (N.D. Cal. Mar. 7, 2012). A claim under the RFDCPA, which "mimics" the requirements of the FDCPA, has similar elements. See Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations."); see also Long v. Nationwide Legal File & Serve, Inc., No. 12-CV-03578-LHK, 2013 U.S. Dist. LEXIS 132971, at *56-57, 2013 WL 5219053 (N.D. Cal. Sept. 17, 2013) ("Like the FDCPA, the RFDCPA requires the Plaintiff to prove four elements: (1) the plaintiff is a 'debtor,' (2) the debt at issue is a 'consumer debt,' (3) the defendant is a 'debt collector,' and (4) that the defendant violated one of the liability provisions of

4

Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

the RFDCPA.").

### i. Consumer v. Commercial Debt

Defendant first moves for summary judgment in its favor on the FDCPA and RFDCPA claims based on its fourth affirmative defense. To that end, Defendant argues there is no material dispute that Plaintiff incurred the Citi Debt for commercial or business purposes.

As this court previously observed when addressing Defendant's motion to dismiss, a "consumer debt" qualifying for coverage under the FDCPA and the RFDCPA is one incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); Cal. Civ. Code § 1788.2(e). Consequently, loans obtained for business purposes fall outside the purview of these statutes. Ordinario v. LVNV Funding, LLC, No. 13cv2804-LAB (NLS), 2016 U.S. Dist. LEXIS 28956, at *3, 2016 WL 852843 (S.D. Cal. Mar. 4, 2016) ("The FDCPA and RFDCPA apply only to consumer debt, not business loans."); Bloom v. I.C. Sys. Inc., 972 F.2d 1067, 1068 (9th Cir. 1992) ("[T]he [FDCPA] applies to consumer debts and not business loans.").

To classify a debt as either "consumer" or "business," courts in the Ninth Circuit must "'examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'" Slenk v. Transworld Sys., Inc., 236 F.3d 1072, 1074 (9th Cir. 2001) (quoting Bloom, 972 F.2d at 1075). However, courts must also "elevate[] substance over form" such that neither the motivations of the lender nor the way in which the loan is documented are dispositive of the issue. Id. Accordingly, both the "substance of the transaction" as well as "the borrower's purpose in obtaining the loan" should be considered, "rather than the form alone." Id. (citing Riviere v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir. 1999)).

Here, Defendant contends the Citi Debt was incurred for business purposes based on several items of evidence. First, Defendant submitted a declaration from Obringer, a Senior Vice President, attesting that the terms and conditions of the credit card underlying the Citi Debt required the account be used for business purposes. Obringer Decl., at ¶ 9. He also states the

5
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

account records for the Citi Debt "include the annotation from CitiBank that the account is a 'commerical' account, and not a consumer account." Id. at ¶ 11.

Second, Defendant has produced the transaction records for the Citi Debt, each of which was issued to Plaintiff and "Life Blossoms." Id. at Ex. 3. As for the content of the statements, Defendant believes they establish that all purchases made related to meetings, transportation, and travel on behalf of Lifeblossoms, which Plaintiff admits is her corporation.[3] Id.

Third, Defendant has submitted what it purports to be transcripts of the collections calls at issue. These transcripts reveal the calls were received by the voicemail for "Lifegraph and Team Synergy"[4] and not Plaintiff. Obringer Decl., at Ex. 4.

For her part, Plaintiff objects to Obringer's statement regarding the credit card's terms and conditions, and objects to the transaction records in the manner presented. Furthermore, she states in her opposing declaration that she did not open the credit card account that resulted in the Citi Debt, and in any event, observes that the purchases listed on the transaction records "were primarily of a personal versus commercial nature." Ellis Decl., at ¶¶ 3, 16.

Based on this record, and viewing the evidence in the light most favorable to Plaintiff as this court must, whether the Citi Debt should be classified as consumer or commercial is a material, genuine dispute because (1) the classification dictates whether Plaintiff can assert claims under the FDCPA and RFDCPA based on the Citi Debt, and (2) a reasonable jury could find in Plaintiff's favor on the issue. See Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014) (explaining that "[a] fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the

---

[3] In response to a request for admission, Plaintiff admitted that Defendant had produced a true, correct and accurate copy of the corporate registration record for *her* corporation, Lifeblossoms Enterprises Inc. Opp'n, Dkt. Nos. 104-105, at Ex. 6.

[4] Despite the misspelling in the voicemail transcript, Plaintiff does not dispute that the voicemail greeting begins with "Thank you for calling Lifeblossoms . . . ." Responsive Separate Statement, Dkt. No. 103.

6
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

issue in the non-movant's favor"). Indeed, Plaintiff's evidentiary objections aside, neither Obringer's description of the credit card's terms and conditions nor the party to whom the transaction records were addressed definitively establishes that the purchases were made for business purposes, although such facts are relevant in evaluating Plaintiff's alleged motivations for obtaining the credit card.[5] Slenk, 236 F.3d at 1074.

Nor do the call transcripts indisputably establish the transactional nature of the Citi Debt. When previously discussing the transcripts in relation to this very same issue, the court indicated that "their content does not prove the alleged collection activity was related to a commercial debt" because the transcripts only show "that 'Lifeblossoms and Team Synergy,' rather than Plaintiff, were referenced in the recorded voicemail message." Order, Dkt. No. 38. That still remains true. Moreover, it is notable "that Defendant's representatives did not ask to speak with someone from Lifeblossoms or mention the collection of a commercial debt; they requested that *Plaintiff* return their calls." Id. (emphasis preserved). "In short, simply identifying the recipient of a debt collection call does not prove anything about the nature of the debt at issue." Id. Again, while identifying the recipient of the calls may reveal something about motivations, it does not establish the Citi Debt was incurred for business purposes.

Furthermore, the court cannot infer from the transaction records that the listed purchases were substantively commercial. The purchases, which fall into several varied categories from airfare to dry cleaning, are neither uniquely commercial nor uniquely consumer in character such that only one conclusion can be drawn from the evidence.

Thus, having examined "the transaction as a whole," the court finds that Defendant is not entitled to summary judgment on its fourth affirmative defense because there exists a triable issue of fact regarding the nature of the Citi Debt. See Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir.

---

[5] This of course assumes that Plaintiff owes the Citi Debt, which is a disputed fact this court cannot resolve. Although a jury may ultimately find that certain transactions listed on the records are so closely related to Plaintiff that no other individual could be responsible for the Citi Debt, that finding cannot be made here. Anderson, 477 U.S. at 249.

7
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

2008) ("When the moving party also bears the burden of persuasion at trial, to prevail on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it."); see also S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (clarifying that the party with the burden of persuasion at trial must prove "beyond controversy every essential element of" a claim or defense).[6]

### ii. Bona Fide Error

In the alternative, Defendant moves for summary judgment on the debt collection claims based on an affirmative defense of "bona fide error."[7] The FDCPA "provides a narrow exception to strict liability . . . for bona fide errors." Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002, 1005 (9th Cir. 2008) (quotation omitted). More specifically:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

The RFDCPA provides for a similar defense. Cal. Civ. Code § 1788.30(e) ("A debt

---

[6] Defendant also argues that the Citi Debt was commercial based on "deemed admitted" admissions obtained during this proceeding, as well as judicial admissions it claims arise from two bankruptcy proceedings. These arguments are misplaced.

With regard to the former, Plaintiff was permitted leave to amend her responses to the request for admissions and now denies the Citi Debt is commercial. Dkt. Nos. 101-2, 102. Accordingly, Defendant can no longer establish that fact through withdrawn admissions. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

As to the latter, Defendant's theory of judicial admission fails. For that doctrine to apply, the judicial admission must have been made in the same action. Casa Del Caffe Vergnano S.P.A. v. Italflavors San Diego, LLC, 816 F.3d 1208, 1213 (9th Cir. 2016). Here, Defendant argues the admissions occurred in two bankruptcy actions separate and apart from this case.

[7] The court is unable to locate a "bona fide error" affirmative defense in Defendant's Answer. Dkt. No. 41. The court will nonetheless permit Defendant to assert it in this motion because Plaintiff addressed it on the merits and did not claim prejudice from its inclusion in the summary judgment motion. See Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984) ("[A]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time . . . .").

8
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.").

"The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof." Reichert, 531 F.3d at 1006.  "To qualify for the bona fide error defense under the [Act], the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors . . . . The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." Id. at 1007.

For this case, Defendant's evidence is insufficient to show an absence of disputed material fact with regard to a bona fide error defense.  The evidence in support of the defense consists of one paragraph from Obringer's declaration in which he states that Defendant "requires that the creditor bank identify whether the account is a commercial (i.e. business) account or a consumer account" and that Defendant then "relies on this designation when conducting collection activity on the account." Obringer Decl., at ¶ 5.  He states further that Defendant's computer system displays whether an account is commercial or consumer, that all of Defendant's debt collectors must access and view the system, and that collectors attend training and employ different protocols depending the designation. Id.

Obringer's statement, which basically reveals that Defendant relies on whatever the creditor tells it about the nature of the debt and does nothing to verify accuracy or compensate for the holistic examination mandated by Slenk, does not convincingly explain how it employed a procedure "adapted to avoid the error" of utilizing an improper collection protocol.  And other than merely declaring it to be so, Obringer did not justify Defendant's unquestioning reliance on information given to it from the creditor.  "A debt collector is not entitled under the FDCPA to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence." Reichert, 531 F.3d at 1007.

9
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant was required do more than merely assert the existence of "procedures reasonably adapted to avoid" the error to satisfy its burden. Id.; Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1177 (9th Cir. 2006). It did not do so. As such, it is not entitled to summary judgment based on a bona fide error defense.

### B.   TCPA

Defendant moves for summary judgment on Plaintiff's claim for violation of the TCPA. Because it would be Plaintiff's burden to prove this claim, she must come forward with admissible evidence to show there is a genuine dispute for trial. Celotex Corp., 477 U.S. at 323-24.

The pertinent section of the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii).

The term "automatic telephone dialing system," or "ATDS," is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Defendant argues that Plaintiff has not established the eight collection calls alleged in the amended complaint were made using an ATDS or prerecorded voice. Defendant is correct. In response to Defendant's motion, Plaintiff has not presented any evidence upon which a reasonable jury could find that Defendant made the collection calls using the two methods prohibited by the TCPA. Instead, she argues against Defendant's assertion that the calls were made manually. Doing so, however, does not satisfy her burden because no genuine factual issue exists for trial

10

Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

where a nonmoving party rests on mere allegations or denials. Matsushita Elec. Indus. Co., 475 U.S. at 586.

Because Plaintiff has not produced evidence to create a genuine issue of material fact, Defendant is entitled to summary judgment on the TCPA claim. Nissan Fire & Marine Ins. Co., 210 F.3d at 1103.

### C. FCRA

Under the FCRA, any person who knowingly or negligently obtains a consumer's credit report without a "permissible purpose" is subject to civil liability. 15 U.S.C. §§ 1681n; 1681o. Conduct that constitutes a "permissible purpose" is listed in 15 U.S.C. § 1681b. One such purpose permits a debt collector to obtain a credit report if the debt collector "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . ." 15 U.S.C. § 1681b(a)(3)(A). However, this exception "can be relied upon the party requesting a credit report 'only if the consumer initiates the transaction.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 675 (9th Cir. 2010) (quoting Stergiopoulos v. First Midwest Bancorp, Inc., 427 F.3d 1043, 1047 (7th Cir. 2005)). "[A] person is 'involved' in a credit transaction for purposes of § 1681b(a)(3)(A) where she is 'draw[n] in as a participant' in the transaction, but not where she is 'oblige[d] to become associated' with the transaction." Id. at 674.

Citing mainly to decisions addressing motions to dismiss, Defendant argues there is no dispute of material fact that it obtained copies of Plaintiff's credit report for a permissible purpose. Defendant points to Plaintiff's allegation in the amended complaint that it is a "debt collector," and presumably relies on Obringer's statement that Defendant accessed Plaintiff's credit report "in connection with the debt owed." Obringer Decl., at ¶ 20.

In response, Plaintiff asserts Defendant did not have a permissible purpose to access her credit report because she never engaged in a "credit transaction" with Citibank. As already noted, Plaintiff states in her declaration that she "did not open the Citibank account-at-issue," did not "engage in transactions involving or owe a debt on the account-at-issue," and was told by Citibank

11
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

on February 5, 2014, that she did not have an account and that an account belonging to her was neither sold nor transferred to a debt collector. Ellis Decl., at ¶¶ 3, 10.

Based on this conflicting evidence, the court finds that whether Defendant acted with a "permissible purpose" under § 1681b(a) is a genuinely disputed fact. By disclaiming responsibility for the Citi Debt, Plaintiff essentially contends she was not at all involved in the credit transaction underlying it; in other words, Plaintiff argues she did not initiate the transaction and was "obliged to become associated" with it rather than "drawn in as a participant." Pintos, 605 F.3d at 674-75; see also Andrews v. TRW Inc., 225 F.3d 1063, 1067 (9th Cir. 2000). And though it consists mainly of her own declaration, there is enough in the record upon which a reasonable jury could find in Plaintiff's favor, assuming it decides her statement is credible. For that reason, Defendant is not entitled to summary judgment on the FCRA claim. Anderson, 477 U.S. at 249-55 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

## IV. ORDER

Based on the foregoing, Defendant's motion for summary judgment (Dkt. No. 55) is GRANTED IN PART and DENIED IN PART. The motion GRANTED as to the TCPA claim, but denied as to all other claims.

Defendant's request for judicial notice (Dkt. No. 56) is DENIED because the court did not rely on the documents attached in reaching a decision on the summary judgment motion.

In addition, Plaintiff's motion to postpone ruling on the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. No. 80) is DENIED. Most of the additional discovery requested by Plaintiff and identified in her Rule 56(d) motion was denied by Magistrate Judge Nathanael Cousins on April 18, 2016 (Dkt. No. 88), and as such, has no effect on the outcome of this motion. See Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (explaining that the party moving for Rule 56(d) relief must proffer sufficient facts to

show the evidence sought would prevent summary judgment).

The additional discovery responses that Judge Cousins did permit were ordered produced by Defendant by April 25, 2016, and as her declaration demonstrates, Plaintiff was in possession of the responses before she filed the opposition to the motion for summary judgment on May 16, 2016. Ellis Decl., at ¶ 15, Ex. 8. To the extent she found these responses inadequate, the court notes she failed to file a motion on that topic or otherwise raise the issue with Judge Cousins.

**IT IS SO ORDERED.**

Dated: June 30, 2016



EDWARD J. DAVILA
United States District Judge

13
Case No.: 5:14-cv-05539-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT